Norbert OSENDORF, Respondent,

v.

AMERICAN FAMILY INSURANCE
COMPANY, Appellant.

No. 81–888.

Supreme Court of Minnesota.

June 4, 1982.

Rehearing Denied June 4, 1982.

Donohue, Rajkowski & Hansmeier, St. Cloud, for appellant.

Michael O. Burns and Paul Widick, St. Cloud, Wellenbring, Lickteig & Dahl, Cold Spring, for respondent.

PETERSON, Justice.

Defendant, American Family Insurance Company (American), appeals from a judgment in favor of plaintiff, Norbert Osendorf, in this suit to determine insurance coverage. The issues on appeal are, first, whether the evidence supports a jury finding that an American agent misrepresented to Osendorf that his policy covered liability for injuries to part-time employees; second, whether the evidence supports a jury finding that Daniel J. Baltes, American's agent who handled Osendorf's account for 10 years prior to the incident giving rise to the claim, was negligent in handling Osendorf's insurance affairs; and third, whether a policy provision excluding coverage for injuries to persons illegally employed was erroneously determined by the trial court to be inapplicable as a matter of law. We con-

clude that the jury verdict is supported by the evidence but that further proceedings are necessary to determine the applicability of the exclusion.

In 1961 Osendorf purchased a farm general liability policy from an agent of American's predecessor company protecting him in the event of injury to the public. The agent did not explain the various optional coverages available for an additional premium. Osendorf, having only an eighth grade education, could not read most of the language in the insurance policy. Thus, in 1963, upon hiring a part-time employee, he called the agent and inquired whether his policy covered part-time help. The agent responded that it did cover part-time employees but not full-time ones. Osendorf continued to employ part-time employees, assuming that his liability policy covered them. Baltes, who took over the Osendorf account in 1963, made at least 10 visits to the farm between 1963 and 1973. He never discussed Osendorf's liability coverages or inquired about his current insurance needs.

In 1973 Osendorf employed Donald Daniels, a 15-year-old youth, as a part-time farmhand. While in the course of his employment, Daniels' clothing became entangled in the power take-off of Osendorf's tractor, causing injury. American denied coverage for the incident. Daniels commenced suit against Osendorf and Osendorf brought a third-party action against American and Baltes. The actions were severed and in separate proceedings judgment was awarded in favor of Daniels against Osendorf in the amount of $23,697.37 and in favor of Osendorf against American and Baltes in the amount of Daniels' judgment plus interest, costs, disbursements, and attorney fees incurred in the defense of the Daniels' action.

■ 1. American first argues that Osendorf failed to establish by clear and convincing evidence that American's agent misrepresented the extent of his liability coverage and that, therefore, there can be no reformation of the policy to conform to that representation. *Tollefson v. American Family Insurance Co.,* 302 Minn. 1, 226 N.W.2d 280 (1974). Our review of the record leads us to reject this contention. By the time of trial 18 years had elapsed since the representation was made. It is understandable that Osendorf could not relate the precise time and place of the conversation or with which American agent he had spoken. On cross-examination American attempted to use inability to recount the details of the event to damage Osendorf's credibility. We are not persuaded that the jury failed to apply the clear and convincing standard, as instructed, by believing Osendorf despite the cross-examination. Osendorf's recollection of the content and source of the representation was consistent, unequivocal and convincing. We hold that his testimony is sufficient to support the jury finding that American's agent misrepresented that Osendorf's policy covered liability for injuries to part-time employees.

American next argues that the jury findings that Baltes was negligent in his dealing with Osendorf and that such negligence was a direct cause of Osendorf's failure to procure adequate coverage for liability to employees must be set aside under our decision in *Tollefson v. American Family Insurance Co.,* 302 Minn. 1, 226 N.W.2d 280 (1974). There we overturned a finding that an insurance agent was negligent by failing to determine whether a college-age child living away from home was a student and, therefore, covered as a resident of the insured's household. Emphasizing that it would be unrealistic to require an agent to remain apprised of the constantly changing personal situations of his clients, we held that the agent had no duty to inquire unless he had information that the child was not a student. In this case Baltes was aware that farmers almost universally engage part-time help and that Osendorf lacked liability coverage for employees. However, he admitted that it was his "obligation" to update an insurance contract at least once in 10 years. These facts distinguish this case from *Tollefson* and we, therefore, uphold the jury findings of causal negligence.

■ 2. Finally, American argues that notwithstanding the special verdict, cover-

age is precluded by the following policy exclusion: "This policy does not apply * * * to bodily injury to * * * any employee employed in violation of law as to age, if the occurrence or accident arises out of any power driven machine * * *." In 1973 the "law as to age" was contained in Minn.Stat. §§ 181.40 and 182.09 (1971). These provisions are nearly identical, prohibiting employment of children under 16 years in occupations "dangerous to their lives or limbs or their health or morals."[1] Minn.Stat. § 182.09 (1971). In *State Farm Mutual Automobile Insurance Co. v. Hilk*, 296 Minn. 8, 206 N.W.2d 360 (1973), we held that these statutes apply to agricultural pursuits and further that the question whether operation of a mechanized corn elevator was "dangerous" within the meaning of the statutes was a question of fact inappropriately resolved by the trial court on a motion for summary judgment. We are likewise persuaded that on these facts reasonable minds might well differ as to whether Osendorf had reason to anticipate that the work performed by Daniels was such as to endanger his life, limbs, health or morals. Since this question was not submitted to the jury, we remand for further proceedings which may involve other unlitigated claims regarding the exclusion.

Affirmed in part, reversed and remanded in part.

---

1. Minn.Stat. § 181.40 (1971) reads "dangerous to the life, limb, health or morals of such child."