Kenneth TRAMMELL and Peggy
Trammell, Plaintiffs and
Appellants,

v.

PRAIRIE STATES INSURANCE CO. and
the Estate of Roy K. Lippert, Deceased,
Defendants and Appellees.

No. 17351.

Supreme Court of South Dakota.

Argued May 21, 1991.

Decided July 17, 1991.

Greg L. Peterson, Bantz, Gosch, Cremer, Peterson & Oliver, Aberdeen, for plaintiffs and appellants.

Reed A. Rasmussen, Siegel, Barnett & Schutz, Aberdeen, for defendant and appellee Prairie States Ins. Co.

Marie E. Hovland, Lawrence L. Piersol, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee Estate of Roy K. Lippert, deceased.

SABERS, Justice.

Insured appeals summary dismissal of claim against estate of insurance agent.

### Facts

Kenneth and Peggy Trammell (Trammell) purchased a car insurance policy from Prairie States Insurance Company (insurer) on September 11, 1985. Under SDCL 58–23–7 and 58–23–8, a "named insured" must be offered a supplemental $10,000 accidental death policy at the time a car policy is purchased.* The Trammells, as "named insureds" on their policy with insurer, were covered under such a supplemental $10,000 accidental death policy. The Trammells' teenage daughter Michelle was identified on the car policy as an additional driver, but she was not covered under the supplemental death policy because she was not a "named insured."

In the spring of 1986, Trammell transferred his car policy with insurer to the Lippert Insurance Agency (agent). On October 4, 1988, Trammell telephoned agent to request that his younger daughter Jennifer be added to the car policy because she had just received her driver's permit. Trammell also asked agent whether Michelle should be removed from the policy, since she would be away from home attending college and would not be driving any vehicle insured under the policy. There was no discussion about whether Jennifer would be a "named insured" or merely listed on the policy as an additional driver like Michelle, and there was no discussion about whether Jennifer would be covered under the supplemental death policy. In fact, Trammell testified that at the time he contacted agent about adding Jennifer, he was not aware of any death benefit supplementing the car policy. After this conversation with Trammell, agent caused Jennifer's name to be added to the policy as an additional driver, but not as a "named insured."

Approximately three weeks later, on October 23, 1988, Jennifer died in a one-car roll-over. Although insurer paid the medical bills and property damage arising from this accident in accordance with the car policy, insurer refused to pay the $10,000 death benefit because Jennifer was not a "named insured" on the policy.

On July 26, 1989, Trammell brought suit against insurer and agent seeking the $10,-000 death benefit and an additional $100,-

---

* SDCL 58–23–7 provides: "No application for an automobile liability policy may be taken with respect to any automobile registered or principally garaged in this state unless the supplemental coverages set forth in § 58–23–8 are offered to the named insured who shall have the right to reject in writing all or any one or more of such coverages."

SDCL 58–23–8 provides in part: "Supplemental insurance coverages shall as a minimum include ... accidental death benefits of at least ten thousand dollars payable upon the loss of life of the named insured[.]"

000 for emotional distress. Insurer and agent moved for summary judgment. On September 14, 1990, the circuit court entered an order granting the summary judgment motions of insurer and agent. Trammell filed notice of appeal on November 14, 1990.

Two months after Trammell's notice of appeal, Trammell settled with insurer. Insurer notified this court on January 16, 1991, that it was no longer a party in interest in this appeal.

On appeal, Trammell raises two issues:
(1) Was agent negligent in failing to inquire into the scope of the coverage requested by Trammell?
(2) Even without negligence, is there liability under the "reasonable expectations" doctrine?

### 1. *Negligence of Agent*

Trammell claims that summary judgment was not proper on the issue of agent's negligence. Summary judgment is proper only where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Breen v. Dakota Gear & Joint Co., Inc.,* 433 N.W.2d 221, 223 (S.D.1988); *Koeniguer v. Eckrich,* 422 N.W.2d 600, 601 (S.D.1988); SDCL 15–6–56(c). The burden of proof is on the party moving for summary judgment, and the benefit of any doubt about whether there is a material issue of fact goes to the non-moving party. *Koeniguer, supra; Groseth Int'l, Inc. v. Tenneco, Inc.,* 410 N.W.2d 159, 164 (S.D.1987) (*Groseth I*). If there are no genuine issues of material fact, we will affirm a summary judgment if there is a basis to support the trial court's ruling. *Breen, supra; Blote v. First Fed. Sav. & Loan Ass'n,* 422 N.W.2d 834, 836 (S.D.1988).

"Summary judgment is generally not feasible in negligence cases because the standard of the reasonable man must be applied to conflicting testimony.... It is only when the evidence is such that reasonable men can draw but one conclusion from facts and inferences that they become a matter of law and this occurs rarely."

*Wilson v. Great N. Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19, 22 (1968) (citations omitted).

Even though it is generally for the finder of fact to determine whether a duty has been negligently breached, the existence of the duty in the first place is a question of law. *Gabrielson v. Warnemunde,* 443 N.W.2d 540, 543 n. 1 (Minn. 1989) (citing Prosser & Keeton, *The Law of Torts,* § 37 (5th ed. 1984); Restatement (Second) of Torts § 328B (1965)). As a matter of law, the duty of an insurance agent is simply "to procure insurance of the kind and with the provisions specified by the insured." *Fleming v. Torrey,* 273 N.W.2d 169, 170 (S.D.1978) (citations omitted). *See also Gabrielson v. Warnemunde, supra* at 543, 545 ("The legal duty imposed on insurance agents is to exercise the skill and care which a 'reasonably prudent person engaged in the insurance business [would] use under similar circumstances.' ... This is an objective rather than a subjective standard." (Citations omitted)). In other words, agent had a duty to obey Trammell's instructions in good faith and with reasonable professional skill. He had no duty to go beyond this standard and ask Trammell further questions if Trammell appeared clear about what he wanted. *Fleming v. Torrey, supra,* at 171; *Gabrielson v. Warnemunde, supra,* at 543.

Had Trammell claimed that he asked agent to make certain that Jennifer would be covered by the accidental death policy, or to explain and recommend available coverages when adding her name to the car policy, whether agent breached his duty as defined by law would have been a material issue of fact for which summary judgment would not have been proper. However, that is not the claim nor the testimony of Kenneth Trammell in his deposition of July 6, 1989:

Q: [By Attorney Rasmussen] Just so I'm clear. It's your understanding or your recollection that you were definite ... that you wanted her added and you weren't approaching this as a question, should she be added?

A: [By Mr. Trammell] Right.

\* \* \* \* \* \*

Q: Okay. So, you talked with Mr. Lippert about adding Jennifer, and it was your definite plan to do that. You weren't asking his advice as to whether that should be done.

A: No.

\* \* \* \* \* \*

Q: Okay. Now, during these conversations you had with Mr. Lippert ..., was there any discussion whatsoever concerning the death benefit?

A: No.

Q: You never specifically asked Mr. Lippert to procure that kind of coverage for your daughter.

A: No, I assumed that she would have the same coverage that we had.

Q: Did you yourself know that you had death benefit coverage?

A: No.

Q: You didn't discover that until after this accident, right?

A: Right.

■ In short, agent did what Trammell asked him to do. He put Jennifer's name on the policy as an additional driver in the same way that Michelle's name appeared on the policy before he became Trammell's insurance agent. He received no indication from Trammell that there was anything unsatisfactory about the way Michelle's name appeared on the policy or that Trammell wanted more information from agent about the scope of the coverage he was requesting for Jennifer. Without more, the obligation to offer the supplemental coverages required by SDCL 58–23–7 exists only at the time of application for the policy. Since Trammell cannot claim a version of the facts more favorable to himself than his own testimony, *Miller v. Stevens,* 63 S.D. 10, 256 N.W. 152, 155 (1934), there are no genuine issues of material fact.

Since Trammell does not claim that agent failed to do anything Trammell requested, and since the law imposes on agent no affirmative duty to go beyond what Trammell requested, there is a sufficient basis to support the trial court's ruling that

agent is entitled to judgment as a matter of law. *Breen v. Dakota Gear & Joint Co., Inc.,* 433 N.W.2d at 223; *Koeniguer v. Eckrich,* 422 N.W.2d at 601.

### 2. *Reasonable Expectations*

Alternatively, Trammell claims he has a right to the accidental death benefit as a "reasonable expectation" arising from the policy.

The "reasonable expectations" doctrine means that "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." Keeton, *Insurance Law Rights At Variance With Policy Provisions,* 83 Harv. L.Rev. 961, 967 (1970) (cited in *Perrine v. Prudential Ins. Co.,* 56 N.J. 120, 265 A.2d 521, 524–525 (1970)). Whether an insured's expectations about his policy coverage are reasonable is a factual question which "may arise in an action by the insured or his beneficiaries *against the insurer* for recovery under an insurance policy. The fact question may also arise in a declaratory judgment action to determine *an insurer's liability* under the policy." 20 Proof of Facts 2d 59 (1979) (emphasis added). Although this doctrine governs the construction of insurance contracts in nearly twenty states, *id.* at 68–71, it has not been declared the law in South Dakota.

■ Whether or not the reasonable expectations doctrine has effect in South Dakota, it is clear that the doctrine states no cause of action against *agent.* The doctrine of reasonable expectations is a doctrine of *contractual* liability. It has no application to causes of action in tort. Trammell cites cases from a number of jurisdictions which uphold the doctrine of reasonable expectations, but none for negligence against insurance agents. Nor does the 40–page discussion of the expectations doctrine at 20 Proof of Facts 2d 66–106, *supra,* cite any cases in which an agent appears as a party, or allude to any application of the doctrine to suits against agents in tort.

Trammell has no insurance contract with agent. Agent has no contractual obligation to indemnify Trammell under these circumstances. Trammell released from liability the only party in this case which fits that description, the insurer. Therefore, Trammell's expectations about the terms of his insurance contract, whether reasonable or not, are irrelevant to his cause of action in tort against agent. This case does not require us to decide whether the reasonable expectations doctrine is law in South Dakota.

Because agent was not negligent as a matter of law, and because Trammell has no cause of action against agent under the reasonable expectations doctrine, summary judgment for agent is affirmed.

MILLER, C.J., and WUEST, HENDERSON and AMUNDSON, JJ., concur.