**C. William TREACY, et al., Appellants,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, et al., Respondents.**

No. C4–93–1118.

Supreme Court of Minnesota.

May 20, 1994.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the court of appeals filed on December 28, 1993 reversing the directed verdict entered in favor of the defendant State Farm Fire & Casualty Company and remanding for a new trial be, and the same is, reversed and the judgment dismissing plaintiffs' complaint and awarding defendant costs and disbursements is reinstated.

BY THE COURT:

/s/ Esther M. Tomljanovich
Associate Justice

COYNE, J., took no part.

### MEMORANDUM

The court of appeals has identified as a critical fact inquiry the question of whether State Farm's agent undertook, on plaintiff's request, to appraise the insureds' home and its contents for the benefit of the insured so as to impose a common law duty on the insurer to exercise reasonable care in determining the replacement value of the personal property. However, the record indicates that plaintiff William Treacy was himself an experienced insurance agent, that he was specifically aware of the extent of the coverage he purchased and that he was aware that he could purchase additional personal property coverage from any other source if he felt the amount scheduled by formula by reference to the estimated replacement cost of the home was inadequate. These recorded facts and the absence of a contractual undertaking by the insurance agent to appraise the home and its contents provide adequate support for the directed verdict entered in defendants' favor. *See Gabrielson v. Warnemunde,* 443 N.W.2d 540 (Minn.1989) and *Johnson v. Farmers and Merchants State Bank,* 320 N.W.2d 892 (Minn.1982).